Good morning, John Ellis, Federal Defenders, on behalf of the Juvenile, I will be requesting two minutes of rebuttal. Reversal is warranted in this case for three reasons. The first is that the District Court did not have jurisdiction because the Juvenile certification incorrectly stated that the State of California lacked jurisdiction. Second, the Juvenile Delinquency Act violations committed by the agents were so egregious that the Juvenile's due process rights were violated and require mandatory reversal. Third, even if there was not a violation of due process, there was prejudice because all of the incriminating information presented in the Juvenile information was obtained from the Juvenile after the government's complete failure to comply with the JDA. JUDGE LEBEN Is that your only attack on the certification? MR. ELLIS My only attack on the certification, Your Honor, is that it incorrectly states that the State of California lacked jurisdiction. There was two arguments... JUDGE LEBEN You're not attacking the certification because there's no showing that a court of the state refused to assume jurisdiction? MR. ELLIS Well, I guess, Your Honor, it's a two-part. The first one is there is no evidence in this case that the State of California refused to assert jurisdiction in this case. The government points to what they say there's a declination, that the State of California has declined to prosecute these types of cases. But there's no evidence in the record before this Court or the District Court that that declination actually existed. And that's been challenged by the Juvenile from the District Court all the way up, that there's never been evidence of this declination presented. JUDGE LEBEN Even if it existed, would that be sufficient? MR. ELLIS I don't believe it would be sufficient in this case, Your Honor, because that's not the ground advanced in the certification itself. This Court has made clear that the certification process is supposed to be difficult because we want to keep juveniles out of federal court as much as possible. And that's why we have to rely upon the jurisdictional statements within the certification itself. The government conceded in its reply brief that the State of California has jurisdiction. And I think at this point they really had no other choice but to concede that point. JUDGE LEBEN Under 602 of the Welfare and Institutions Code? MR. ELLIS Yes, Your Honor. A position they challenged below, but now they've conceded. And so the State of California did have jurisdiction. There's no evidence that the State of California declined to assert jurisdiction. And so the District Court never had jurisdiction to proceed in this case. And on that ground alone, this case should be remanded. JUDGE LEBEN If there were evidence in the record that there was a declination and if that were the basis for the certification, would you concede that 602 had been complied with? MR. ELLIS If there was evidence that the State of California, by the State of California what we're talking about in this case would be the District Attorney's Office for the County of San Diego said, we're not going to prosecute against this juvenile. And that was in the certification. I believe that would be proper. JUDGE LEBEN Why? MR. ELLIS I don't think it's proper for them to say we have a blanket policy against prosecuting juveniles simply because the JDA requires an investigation. And I think it takes more than just the State of California. JUDGE LEBEN You're conceding it would be enough for the District Attorney in a particular case to say we refuse to prosecute this case. Over and out. Certification's okay? MR. ELLIS If the certification properly says, in this case the State of California has refused to assert jurisdiction of this juvenile, and that's what the certification says, that would be proper. JUDGE LEBEN Do you equate the District Attorney's Office with the State of California? What does the language of the statute say? MR. ELLIS Of 602 or 5032? It says the State, but the State of California is represented by the Attorney. JUDGE LEBEN But it said the court. MR. ELLIS The juvenile court or other appropriate court of a state does not have jurisdiction or refuses to assume jurisdiction over said juvenile. So it would have to be by the District Attorney's Office, I mean the District Attorney for the County of San Diego has the determination of whether or not juveniles can be charged with an act of delinquency. JUDGE LEBEN So you're conceding it doesn't have to come from a court, it's enough to come from the District Attorney? MR. ELLIS Well, they're the ones that make the charging decision, so in that sense I would say yes. JUDGE LEBEN But it never gets to the court then. The court never has an opportunity to decide if the DA doesn't prosecute. MR. ELLIS Yes, I mean, if the, just like any other case, if the government doesn't bring the actions in the court, it's not before the court. And I mean, I think consistently this court has in the certification context put it in those terms. JUDGE LEBEN What case says that if the District Attorney declines to prosecute, that that's a showing that the court will not assume jurisdiction? MR. ELLIS In fact, I guess there's not a court right on point that would say that. I think it's, it can be inferred from Doe 4 and from Kenneth C. JUDGE LEBEN Why would you concede that point? MR. ELLIS I guess I'm, the point is, is this, is that I'm not willing, even if we, that doesn't matter in this case. I should rephrase. In this case it doesn't matter because that's not what happened. We, in any way you can, you can strew the certification in this case, it wasn't proper. If the court wanted to go further and find that the state, that the jurisdiction didn't apply because the State of California, the juvenile court didn't have the opportunity. JUDGE LEBEN If you want to concede the issue, we're happy to let you do it. MR. ELLIS In fact, but in this case the court doesn't have to go that far to find the state. JUDGE LEBEN Okay, we won't. We won't. MR. ELLIS That the certification was improper. JUDGE LEBEN You've got a killer issue if you don't want us to pursue it. MR. ELLIS Well, let's go back to that. JUDGE LEBEN What about, what about the doctrine that says, well, they could have corrected it so it's no big deal. I mean, put it in street language. MR. ELLIS Well, there's, there's no evidence in this case, Your Honor, that they could have corrected it. And the government's relying on the case called Gonzalo Cervantes. JUDGE LEBEN Right. MR. ELLIS Gonzalo Cervantes doesn't actually say that. Gonzalo Cervantes is a plain error case where the government said that the state court of Imperial County had refused jurisdiction. It should have been San Diego County. But not only did the defense attorney not object at trial, the defense attorney in fact said, we agree that this statement is correct. And so the court said, the district court doesn't have to, a sua sponte basis to investigate when a certification is proper or valid on its face isn't challenged. In this case, the certification isn't proper on its face, obviously, because it's clear the state of California does have jurisdiction. And second of all, it was objected to continually throughout the proceedings before the district court. Turning briefly to the other violations of the JDA, Section 5033, the government doesn't dispute that if the juvenile was in custody at 3.30 p.m. on May 18th, then there were violations of the Juvenile Delinquency Act. And in this case, the juvenile was in custody because at that time, he wasn't free to leave, the agents knew he was a juvenile, and they had probable cause to believe that he violated United States law. JUDGE LEBEN He wasn't in custody for any crime at that point, though, was he? MR. ELLIS Your Honor, as pointed out in the briefs, we believe that at least the court, that the, excuse me, that the agents had probable cause to believe that he had violated United States law. JUDGE LEBEN But that's not what was going on. They were holding him as a material witness. MR. ELLIS Your Honor, there is no real evidence that he was simply being held as a material witness to the shooting. JUDGE LEBEN What do you mean, real evidence? MR. ELLIS Well, they stated that, well, we were holding him as a material witness, but the facts were lie. JUDGE LEBEN That's what always happens in these cases. I mean, that's standard stuff. You know that. MR. ELLIS Well, I understand. JUDGE LEBEN I think they hold some of the people to be material witnesses. That always happens. MR. ELLIS Your Honor, they held him for almost 12 hours before making a determination if he was someone who was a smuggly or a smuggler, and that's insufficient. But even if the court finds that he wasn't in custody at that point, everyone agrees that he was in custody by 3 o'clock in the morning when the agents told him he was in custody. And even if that's the point we rely upon, there are still violations of the JDA because the U.S. Attorney's Office wasn't contacted for approximately 10 hours, and he wasn't brought before a magistrate for 15 hours from that point. And 10 hours and 15 hours are not immediate under the JDA. If I could reserve the rest of my time. JUDGE LEBEN All right. Thank you. LAUREN BARFOOT Good morning, Your Honors. Lauren Barfoot on behalf of the United States from the Southern District of California. This case involves agents who went above and beyond the JDA to ensure that the appellant had adequate counsel with his mother, the Mexican consulate, and his adult brother. JUDGE LEBEN What about the certification? LAUREN BARFOOT The certification was proper. The state court had no jurisdiction over this juvenile because the District Attorney's Office had a blanket declination policy. JUDGE LEBEN Well, problem number one, everybody is saying that. Is this blanket declination somehow adequately represented in this record? Where is it? LAUREN BARFOOT We have the representation of Assistant United States Attorney Rebecca Young in the record. JUDGE LEBEN What does she know? Based on what? Somebody told her? Is this hearsay? LAUREN BARFOOT Well, we have the policy itself wasn't challenged below. There was no... JUDGE LEBEN Was there a request for a copy of the declination? LAUREN BARFOOT I believe there was a request for a copy, but there is no evidence in the record that there is a written declination policy. JUDGE LEBEN Excuse me, this is sloppy beyond belief. You're telling us there's some policy. I mean, this is just nothing more than a bunch of hearsay. LAUREN BARFOOT Well, it is... JUDGE LEBEN Read the law. The law says it's pretty clear. Congress has made it very clear. Don't bring these cases into federal court unless you have certain circumstances that attach, including, among other things, the juvenile court or other appropriate court of estate refuses to assume jurisdiction. LAUREN BARFOOT Well, it is important in this case that the District Attorney's Office has informed the United States Attorney's Office that they will not be filing petitions against juveniles under 1324. JUDGE LEBEN And so you can just wander into court and say that? LAUREN BARFOOT Well, there was no evidence to the contrary, and it wasn't challenged that below... JUDGE LEBEN You know, the burden's on the federal government to cross the T's and dot the I's, and the statute says the juvenile court or other appropriate court of the state refuses to assume. How do you get around that? Where did a court refuse to assume? LAUREN BARFOOT Well, the court never had an opportunity to reach this juvenile, because the DA's office would not file against... JUDGE LEBEN How does that comply with the statute? Congress said a juvenile shall not be preceded against in any court of the United States unless the juvenile court or other appropriate court of the state refuses to assume jurisdiction. Is that what we're stuck with? Is that the language? LAUREN BARFOOT Well, I think it is kind of awkwardly worded and confusing. JUDGE LEBEN Is that the language? LAUREN BARFOOT That is correct. JUDGE LEBEN So are we supposed to apply the language? LAUREN BARFOOT Yes, Your Honor. JUDGE LEBEN And how does that work in this case? Where do you have any indication at all that the court or other appropriate court of the state refused to assume jurisdiction? LAUREN BARFOOT Well, Your Honor, I think it could have worked either way about whether the court did not have jurisdiction against this juvenile or whether they refused to. JUDGE LEBEN But you conceded the court did under 602 of the WNI. I used to work those cases. Of course it has jurisdiction. It may not have been exercised, but it has jurisdiction should it choose to assume it. And Congress tells us don't bring these cases into federal court unless a court of the state refuses to assume jurisdiction. I agree it's awkward, because that's not the way the system works. The way the system works is as you describe it. The DA says we're not going to prosecute. Over it comes. It never goes to a court. But we're stuck with this language. LAUREN BARFOOT Correct, Your Honor. However, even if this was an incorrect certification, the appellant did not challenge this blanket declination policy earlier. He never said that the DA's office would not file against him or would have filed against him. So the error would be absolutely harmless, because there's no dispute as to whether or not the DA's office would have filed against him. We agree that they would not. JUDGE LEBEN But if it's jurisdictional, isn't it always open to be brought up? LAUREN BARFOOT Well, this is not a jurisdictional issue, because we have a harmless error standard, and it would be absolutely harmless because the appellant is not contesting that. JUDGE LEBEN Not contesting what? LAUREN BARFOOT The fact that the DA's office has... JUDGE LEBEN If this isn't jurisdictional, what is it? The courts of the United States shall not be used in these cases unless and until... LAUREN BARFOOT Well, it was just a substantive... It could have been a substantive error in... JUDGE LEBEN No, but I mean the statute. What is the statute if it's not jurisdictional? It's not a loaded question. I mean, you tell us it's not jurisdictional, then what is it? LAUREN BARFOOT Well, it's just... I'm not finding the words, Your Honor. I'm sorry. JUDGE LEBEN Your argument is based on your interpretation that it is not jurisdictional. If it were jurisdictional, you would concede that they have a good appeal. LAUREN BARFOOT Well, if it was jurisdictional, yes, Your Honor. JUDGE LEBEN Do you have any cases that suggest that this isn't a jurisdictional requirement? LAUREN BARFOOT Gonzales-Cervantes, Your Honor. JUDGE LEBEN And what's the language in Gonzales-Cervantes that suggests it's not jurisdictional? Alarcon 3. Whether an error in the certification which permits a federal court to proceed against a juvenile divests the federal district court of jurisdiction... So it must in here say no, right? What language would you like us to read? LAUREN BARFOOT Substantive inaccuracy does not require reversal of this conviction. JUDGE LEBEN If the existence of an accurate certification is jurisdictional, the conviction must be reversed. It is argued that the filing of an accurate certification is not jurisdictional. So that's the language, right? LAUREN BARFOOT Right. JUDGE LEBEN Okay. What was the inaccuracy in Gonzales-Cervantes? LAUREN BARFOOT This was... The San Diego County refused to assume jurisdiction over Doe versus Imperial County where the offense took place. LAUREN BARFOOT Exactly. It was a mistake in the entity that was responsible. So it was kind of a technical error as opposed to failure to meet the requirement of the statute. JUDGE LEBEN Well, in this case, if the court finds that this was an improper certification, it would also be just a substantive error because... LAUREN BARFOOT No, the word was technical error, not substantive. That's the difference. It was a technical error. LAUREN BARFOOT Well, and also in this case, does not have jurisdiction versus refuses to assume jurisdiction, the certification would have been correct if it had just said does not have or refuses to assume jurisdiction. JUDGE LEBEN How would that be correct if the court never refused to assume jurisdiction? How would that be correct, substantively? LAUREN BARFOOT Well, I think that the language is awkward, and so it's hard to... It does say it's the court that refuses to assume jurisdiction, and that's why our position is that they did not have jurisdiction. JUDGE LEBEN That can't be right because they do have jurisdiction. LAUREN BARFOOT But not until the district attorney's office will file a petition against the juvenile. And so that's... I agree that it is awkward language to reconcile. JUDGE LEBEN It can't be right that a court only has jurisdiction if charges are brought. A court either has jurisdiction or it doesn't have jurisdiction. It can't be premised on whether or not charges are brought. You don't have jurisdiction unless charges are brought. That can't be right. LAUREN BARFOOT Well, personal jurisdiction against that juvenile. JUDGE LEBEN We're not talking about personal. We're talking about subject matter jurisdiction. LAUREN BARFOOT Well, then the court would have subject matter jurisdiction over this juvenile. JUDGE LEBEN Under the state law, it has jurisdiction over these types of cases, right? LAUREN BARFOOT But then the court didn't get the opportunity to refuse jurisdiction. JUDGE LEBEN Right, so it didn't refuse because it never had the opportunity to refuse. LAUREN BARFOOT Well, then there would be no opportunity to bring these cases in federal court ever in California based on the awkwardness of that, which can't be right. Congress better change it if it doesn't work. If they're trying to fit a square peg into a round hole, they better change the size of the peg. LAUREN BARFOOT Well, just briefly with regard to the officer's conduct in this case, the agents, as soon as this juvenile was implicated in the alien smuggling, was around 2.45 to 3 o'clock in the morning, the agents immediately went to the appellant and advised him of his Miranda rights in Spanish at 3.02 in the morning, which is very immediate. The appellant provided his adult brother's telephone number and said that his brother was a part-time guardian. The agents contacted and reached the appellant's brother at 3.06 in the morning and obtained a phone number for the appellant's mother, which they proceeded to immediately make several calls to the appellant's mother. There was no answer at her phone. The appellant's mother was in Mexico. CHIEF JUSTICE KAGAN What about immediate notification to the Attorney General? LAUREN BARFOOT Well, the record shows that by 1 o'clock in the morning, excuse me, in the afternoon, the U.S. Attorney's Office was notified. CHIEF JUSTICE KAGAN How long of delay was that? LAUREN BARFOOT That is approximately seven hours, is that right? CHIEF JUSTICE KAGAN Ten hours. LAUREN BARFOOT Ten hours. CHIEF JUSTICE KAGAN And immediate? LAUREN BARFOOT Well, I think that it needs to have a common sense construction as far as the court found that normal business hours would suffice in this case. There's no need to call and wake up the Attorney General or his representative to notify him that a juvenile had been... I mean, the Attorney General is notified about a lot of things at a lot of different hours of the day and night. So why is this any different? LAUREN BARFOOT Well, the purpose in this case would be to inform the U.S. Attorney's Office that they had someone in custody to make an early determination as to whether or not he should be released but whether or not an information would be filed. And in this case, the juvenile was being held as a witness to the homicide investigation and then to... CHIEF JUSTICE KAGAN But was it immediate, though? Was it immediate? Was that an immediate notification in your view? LAUREN BARFOOT Not under a literal interpretation of the word immediate. But even if it wasn't immediate, it was harmless error because the juvenile was able to talk with his mother, the Mexican consulate, and his adult brother, was advised of his Miranda rights repeatedly, and was able to waive his rights and provide a videotaped statement at the station. I see my time has run. CHIEF JUSTICE KAGAN All right. Thank you, counsel. CHIEF JUSTICE SOTOMAYOR Thank you. CHIEF JUSTICE SOTOMAYOR Refato? REFATO Just, Trott, I want to briefly go back to some of your earlier questioning and just make it clear. I agree with the idea that the refuses to assert jurisdiction would have to be by the court itself and not the District Attorney's Office. I don't think it had to go that far in this case, but under a reading of the statute, I would agree that the state court would have to refuse jurisdiction. But in this case, one way or the other, the certification was improper. I do want to respond to this. CHIEF JUSTICE SOTOMAYOR Let me ask you this. Opposing counsel pointed out that there was no objection made to the blanket declination argument below. REFATO Your Honor, I would like to point the court to the supplemental excerpt of record, page 3, where before the District Court, in one of the motions, it was, the government has failed to provide any evidence substantiating California's alleged declination. CHIEF JUSTICE SOTOMAYOR Exactly. You're asking for the evidence, but not saying that that fails to meet the requirements of the statute. REFATO I believe that argument was made as well, Your Honor. I'll look at the record if I can or 28J it afterwards. But this was advanced below. There was argument throughout the transcript that the state of California does charge these types of offenses. In fact, the perspective I gave the court was that my fiancée is a juvenile public defender and I'm aware that these types of cases are brought and have been brought in the past. And so that argument was made on the record before the District Court. It's been advanced in the pleadings before the District Court. It was advanced before this court. The government's had a number of opportunities, including in their response brief, to say, look, here's evidence of the declination. It's not uncommon for the government to attempt to do these types of things.  But even if that… CHIEF JUSTICE SOTOMAYOR But there's a difference between saying there is no evidence of the declination and saying that the declination itself is Your Honor, at a minimum it was that the declination doesn't exist and there was no proof that it existed. Just briefly, even if there was a declination in this court, that still doesn't substantiate that the state of California refused to assert jurisdiction. And so in that instance, the certification would still be improper and that means the District Court did not have jurisdiction and therefore this case should be remanded. All right. Thank you. If actually there was an error, the California would charge this juvenile in this case. If there was an error? If they wanted to. If they wanted to, yes. They had jurisdiction. They have, under California Welfare and Institution Code Section 602, the state of California can bring an act of delinquency based on a violation of federal law. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Trott, Rawlinson, King